**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN WILLIAM ARGEL, | No. 22-15203 |
| Plaintiff-Appellant, | D.C. No. 1:21-cv-00597-DAD-BAM |
| v. | |
| RON GODWIN, Warden; SCOTT FRAUENHEIM, Warden, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted June 26, 2023**

Before:     CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

California state prisoner John William Argel appeals pro se from the district

court's judgment dismissing his action alleging claims under 42 U.S.C. § 1983 and

the Americans with Disabilities Act ("ADA").  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo the district court's dismissal under 28 U.S.C.

---

          *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

          **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Argel's action because Argel failed to allege facts sufficient to state any plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (requirements for an Eighth Amendment violation in the prison context); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073-76 (9th Cir. 2016) (requirements for establishing liability on the basis of custom or policy); *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (requirements for establishing supervisory liability); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (requirements for a First Amendment retaliation claim in the prison context); *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (requirements for an ADA claim); *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (requirements for a First Amendment claim based on mail restrictions); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (no due process claim for deprivation of property where California law provides an adequate post-deprivation remedy).

The district court did not abuse its discretion in denying Argel's motions for appointment of counsel because Argel failed to demonstrate "exceptional circumstances" warranting the appointment of counsel. *See Cano v. Taylor*, 739

2

F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Argel's motion for appointment of counsel (Docket Entry No. 11) is denied.

**AFFIRMED.**